# FEDERAL DEFENDER SERVICES
## OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
Elizabeth Blair
John W. Campion
Jessica Arden Ettinger
Anderson M. Gansner
Jonathan Greenberg
Kyle Kent
Gabriela A. Leija
Dennise Moreno
Ronnie V. Murray
Tom Phillip
Joshua D. Uller
Alex Vlisides

411 East Wisconsin Avenue
Suite 2310
Milwaukee, Wisconsin 53202

Telephone 414-221-9900
Facsimile 414-221-9901

March 19, 2023

Honorable William M. Conley
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Christopher Bell*
             Case No. 22-cr-104-wmc

Dear Judge Conley:

    In anticipation of sentencing, the defense files this memorandum requesting the minimum mandatory sentence of 60 months of incarceration. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), both the government and defense agree that a sentence of five years of incarceration is the appropriate disposition of this case.

    Both the government and defense agree that the advisory sentencing guidelines are 60 months of incarceration. R.24; R.25. The United States Probation Office disagrees, but believes that if the Court were to agree with the parties' calculation, an upward departure may be warranted. R.27. However, both parties arrived at the 60-month 11(c)(1)(C) plea after much discussion and deliberation. Specifically, the plea allowed both parties to avoid further litigation. While avoiding a trial allowed the government to allocate resources elsewhere, it also ensured that the victim would not have to testify (unless, of course, she chose to at sentencing).

Federal Defender Services
Of Wisconsin, Inc.

Page 2

Moreover, a sentence of 60 months is significant when viewed from Mr. Bell's perspective. He has never been arrested before, and therefore has never spent time in custody before. This is not a situation where the Court may feel that previous jail sentences have not been adequate to deter criminal conduct; there are no previous jail sentences. Additionally, while no time in jail is easy, Mr. Bell's health has rendered his stay at the Dane County Jail especially difficult. As referenced in the defense objections (R.24), Mr. Bell was recently in an out of the hospital for a significant period of time due to the removal of a necrotic gall bladder. While he is thankful that he received this medical care, and thankful for his good health today, being in jail during a health crisis is especially scary. This fear stemmed from not being able to be with his wife during a particularly difficult health scare.

A sentence of 60 months of incarceration is sufficient but not greater than necessary to meet the goals of sentencing. After incarceration, Mr. Bell will be placed on supervised release as a sex offender and be mandated to comply with everything that comes with that designation, including therapy and treatment. 60 months is both a minimum and a significant term of incarceration for Mr. Bell.

Thank you for your consideration in this matter.

Respectfully,

*/s/ Elizabeth Blair*
Elizabeth Blair
Associate Federal Defender